UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SUSAN MURMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICIA MURMAN<br><br>Defendant. | Case No.  24-cv-01439-RMI<br><br>**CIVIL CASE MANAGEMENT AND PRETRIAL ORDER** |

Following the Case Management Conference held October 15, 2024, the court ORDERS the following:

## I.  CASE MANAGEMENT SCHEDULE

Deadline to move to amend pleadings: December 9, 2024

Fact discovery cutoff:  March 10, 2025

Expert witness disclosures deadline: August 4, 2025

Expert discovery cutoff: September 4, 2025

Deadline for filing dispositive motions: August 1, 2025

A further case management conference is set for February 4, 2025, at 2:00 p.m.

## II.  TRIAL DATE

A jury trial will begin on November 17, 2025, at 9:00 a.m. at the United States Courthouse, 3140 Boeing Avenue, McKinleyville, CA 95519. The trial will last no more than 4 days.

## III.  ALTERNATIVE DISPUTE RESOLUTION

The parties will engage in another round of dispute resolution following the close of fact discovery.

## IV. PRETRIAL CONFERENCE

A Final Pretrial Conference shall be held on October 21, 2025, at 2:30 p.m., at the United States Courthouse, 3140 Boeing Avenue, McKinleyville, CA 95519. Lead trial counsel for each party shall attend.

A. At least seven days prior to the date of the Final Pretrial Conference the parties shall do the following:

1. In lieu of preparing a Joint Pretrial Conference Statement, the parties shall meet and confer in person, and then prepare and file a jointly signed Proposed Final Pretrial Order that contains: (a) a brief description of the substance of claims and defenses which remain to be decided; (b) a statement of all relief sought; (c) all stipulated facts; (d) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and (e) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition), including, for all such witnesses (other than party plaintiffs or defendants), a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer. For each witness, state an hour/minute time estimate for the direct examination. Items (d) and (e) should be submitted as appendices to the proposed order. The proposed order should also state which issues, if any, are for the court to decide, rather than the jury.

2. File a joint set of proposed jury instructions on substantive issues of law arranged in a logical sequence. If undisputed, an instruction shall be identified as "Stipulated Instruction No. ____ Re _____," with the blanks filled in as appropriate. If disputed, each version of the instruction shall be inserted together, back to back, in their logical place in the overall sequence. Each such disputed instruction shall be identified as, for example, "Disputed Instruction No. ____ Re _____ Offered by _____," with the blanks filled in as appropriate. All disputed versions of the same basic instruction shall bear the same number. Any modifications to a form instruction must be plainly identified. If a party does not have a

counter version and simply contends that no such instruction in any version should be given, then that party should so state (and explain why) on a separate page in lieu of an alternate version. With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers of these instructions, the parties shall not include preliminary, general, or concluding instructions in the packet.

       3.      File a separate memorandum of law in support of each party's disputed instructions, if any, organized by instruction number.

       4.      File a joint set of proposed *voir dire* questions supplemented as necessary by separate requests.

       5.      File trial briefs on any controlling issues of law.

       6.      File proposed verdict forms, joint or separate.

       7.      File and serve any objections to exhibits.

       8.      File a joint simplified Statement of the Case to be read to the jury during *voir dire* as part of the proposed jury instructions. Unless the case is extremely complex, this statement should not exceed one page.

    B.    Any motions *in limine* shall be submitted as follows: at least twenty calendar days before the conference, the moving party shall serve, but not file, the opening brief. At least ten calendar days before the conference, the responding party shall serve, but not file the opposition. There will be no reply. When the oppositions are received, the moving party should collate the motion and the opposition together, back-to-back, and then file the paired sets at least seven calendar days before the conference. Each motion should be presented in a separate memorandum and properly identified, for example, "Plaintiff's Motion *in Limine* No. 1 to Exclude . . . ." Each party is limited to bringing five motions *in limine*. The parties are encouraged to stipulate where possible, for example, as to the exclusion of witnesses from the courtroom. Each motion should address a single, separate topic, and contain no more than seven pages of briefing per side.

    C.    Hard-copy courtesy copies of the above documents shall be three-hole-punched and delivered to the court by 12:00 p.m. the day after filing. The Joint Proposed Final Pretrial

Order, jury instructions, and verdict form shall be submitted via e-mail as attachments to: RMIpo@cand.uscourts.gov.

## V. PRETRIAL ARRANGEMENTS

Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with Kristen Melen, Supervisor of the Court Reporting Services, at (415) 522-2079, at least ten (10) calendar days prior to the trial date.

During trial, counsel may wish to use computer equipment, projectors, poster blow-ups, models, specimens of devices, or other technology. Equipment should be shared by all counsel to the maximum extent possible. Any party wishing to make use of any of the courtroom's existing technology must make arrangements with the Deputy Clerk for testing of the equipment to occur no later than two (2) weeks prior to trial. The court does not provide technical support and does not provide computer equipment. The United States Marshal may require a court order to allow certain equipment into the courthouse.

## VI. JURY TRIAL

Jury selection shall proceed as follows: the Jury Commissioner will summon 35 prospective jurors. The Deputy Clerk will select their names at random and seat them in the courtroom in the order in which their names are called. *Voir dire* will be conducted of sufficient venire members so that eight will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

*Voir dire* shall be conducted by the court. Counsel will be permitted brief follow-up *voir dire* after the court's questioning.

The court will take cause challenges and discuss hardship claims outside the presence of the prospective jurors. The court will inform counsel which hardship claims and cause challenges will be granted, but will not announce those dismissals until the selection process is completed. Peremptory challenges will be made outside the presence of the jury. Each party shall be limited to three peremptory challenges. Any party passing on a challenge will be deemed to have waived that challenge. The court will then excuse those prospective jurors with meritorious hardship claims and for cause, and those challenged peremptorily, and then seat the first eight people remaining in

numerical order.

**A.  Witnesses**

At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). The first notice shall be exchanged prior to the first day of trial. All such notices shall be provided in writing.

**B.  Exhibits**

1. Prior to the Final Pretrial Conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over what exactly constitutes the exhibit.

2. Counsel must use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once. If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number. Different versions of the same document, *e.g.*, a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."

3. The exhibit tag shall be in the following form:

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TRIAL EXHIBIT 100

Case No. _____
Date Entered _____
By_____
        Deputy Clerk
```

5

Place the tag on or near the lower right-hand corner of the exhibit or, if the exhibit is a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank. The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal. Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in a 3-ring binder. Spine labels should indicate the numbers of the exhibits that are in each binder. Each set of exhibit binders should be marked as "Original." Deposit the exhibits with the deputy clerk seven days before the Pretrial Conference.

        4.      Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the court's attention.

        5.      In addition to the official record exhibits, three sets of bench binders containing copies of the exhibits must be provided to the court seven days before the Pretrial Conference.

        6.      Before the closing arguments, counsel must confer with the Deputy Clerk to ensure the exhibits in evidence are in good order.

        7.      Exhibit notebooks for the jury will not be permitted without prior permission from the court. Publication must be by poster blow-up, overhead projection, or such other method as is allowed in the circumstances.

    **C.**    **Charging Conference**

As the trial progresses and the evidence is heard, the court will fashion a comprehensive set of jury instructions to cover all issues being tried. Prior to the close of the evidence, the court will provide a draft final charge to the parties. After a reasonable period for review, one or more charging conferences will be held at which each party may object to any passage, ask for modifications, or ask for additions. Any instruction request must be renewed specifically at the conference or it will be deemed waived, even those requested prior to trial. If a party wants to request an instruction that the court omitted from its draft instructions, the party must re-request it at the charging conference or the request will be deemed waived or abandoned.

**D.     Trial Schedule**

The court's trial schedule is 9:00 a.m. to 12:00 p.m., and 1:00 p.m. to 4:00 p.m., with two fifteen-minute breaks.  The court conducts trial five days a week.

**VII.    PROCEDURE FOR AMENDING THIS ORDER**

No provision of this order may be changed except by written order of this court upon its own motion, or upon motion of one or more parties made pursuant to Civil Local Rule 7-11 with a showing of good cause.  Parties may file a formal brief, but a letter brief will suffice.  The requesting party shall serve the opposing party on the same day the motion is filed and the opposing party shall submit a response as soon as possible but no later than 4 days after service.

If the modification sought is an extension of a deadline contained herein, the motion must be brought before expiration of that deadline.  ***The parties may not modify the pretrial schedule by stipulation***.

**IT IS SO ORDERED.**

Dated:  October 22, 2024

_____
Robert M. Illman
United States Magistrate Judge