UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SUSAN MURMAN,

         Plaintiff,

    v.

PATRICIA MURMAN,

         Defendant.

Case No.  24-cv-01439-RMI

**ORDER FOLLOWING PRETRIAL CONFERENCE**

Re: Dkt. Nos. 67, 68, 74

The jury trial for this matter is scheduled to commence on April 6, 2026. The court held a pretrial conference on March 17, 2026, attended by both parties. This order summarizes the court's orders and other matters discussed during the pretrial conference and lays out some of the trial logistics.

**ORDERS ON MOTIONS IN LIMINE**

Plaintiff's Motion in Limine No. 1[1]

Plaintiff's first Motion in Limine asks the court to exclude from trial all "argumentative or inflammatory family communications unrelated to any material issue in dispute, as well as settlement discussions or compromise negotiations between the parties," pursuant to Federal Rules of Evidence 403 and 408. (Pl.'s Mots., Dkt 68.) Plaintiff argues that the "emotionally charged personal communications" are generally unrelated to the specific legal claims and their likelihood of confusing or biasing the jury outweighs their probative value, and that admitting unredacted communications containing the parties' attempts at resolving this dispute undermines Rule 408 by

---

[1] While the court refers to Plaintiff's Motions in Limine 1 and 2, Plaintiff titled these motions Motion in Limine No. 2 and Motion in Limine No. 4, respectively.

reframing compromise negotiations as admissions of liability or fault. Defendant opposes the Motion on the grounds that (1) the request is overbroad and does not identify any "argumentative or inflammatory family communications" that are irrelevant to the legal issues in the case, (2) that Plaintiff has not shown that the compromise negotiations or offers to resolve the conflict at issue constitute "settlement offers" under Rule 408, and (3) that offers of compromise may be admitted for purposes other than to show liability or amount of damages, and thus categorical exclusion of this evidence is improper.

The court finds that the identified family communications are likely relevant to the case, even when they are emotionally charged, and the request to exclude all such communications is overbroad. The court also finds that the communications include discussions between family members about resolving their dispute prior to litigation, and these discussions are not "settlement offers" within the bounds of Rule 408. As such, and for the reasons stated on the record, Plaintiff's first Motion in Limine is DENIED.

<u>Plaintiff's Motion in Limine No. 2</u>

Plaintiff's second Motion in Limine asks the court to exclude from trial all testimony, evidence, argument, or reference related to "Plaintiff's alleged alcohol use or purported character for alcohol consumption" pursuant to Rules 401, 403, and 404(a). (Pl.'s Mots., Dkt. 68.) Plaintiff argues that her alleged alcohol consumption is irrelevant to the legal claims at issue, and any relevance is substantially outweighed by the likelihood that such information will bias the jury or invite moral judgment. Defendant argues in opposition that this evidence and testimony is not offered to prove how Plaintiff acted on any specific occasion but instead is highly relevant to explaining Defendant's state of mind and decision-making, and that Plaintiff herself acknowledged her "excessive alcohol use" during the relevant time period.

The court finds that evidence and testimony related to Susan's alleged alcohol consumption during the time period at issue is relevant to the claims. While no inflammatory language will be tolerated, the witnesses may testify as to Susan's alleged alcohol consumption. Plaintiff may object to such information at trial in context, and the court will consider any objections on a case-by-case basis. As such, and for the reasons stated on the record, Plaintiff's

second Motion in Limine is DENIED.

Defendant's Motion in Limine No. 1

Defendant's first Motion in Limine asks that all hearsay evidence and testimony related to Defendant's fiancé Michael Jones be excluded from trial pursuant to Rule 802. (Def.'s Mots., Dkt. 67.) Defendant argues that Plaintiff testified at her deposition about statements made to her by Michael and that Plaintiff seeks to enter such evidence and testimony for the truth of the matter asserted, which should not be allowed. Plaintiff opposes the Motion on the grounds that Plaintiff's testimony regarding statements Michael made to her falls under Rule 801(d)(2)(D)'s hearsay exception because Michael was Patricia's agent related to the property at the time the alleged statements were made.

To the extent that testimony or evidence related to Michael Jones's statements to Susan Murman constitutes hearsay, the motion is GRANTED. However, because Michael is identified as a witness who will testify at the trial, the court DENIES the request to exclude all evidence or testimony about or referring to the statements at issue, as Michael may testify as to what he did or did not say.

Defendant's Motion in Limine No. 2

Defendant's second Motion in Limine requests that the court exclude from trial "any and all evidence referring to receipts, estimates, invoices, statements, and/or bills as they lack authentication and/or constitute hearsay" under Rules 802 and 901. (Def.'s Mots., Dkt. 67-1.) Plaintiff argues in opposition that (1) the request is overbroad and premature, (2) the documents can be properly authenticated by Susan, and (3) it is not hearsay for the documents to be offered to show that financial transactions occurred or to demonstrate Susan's personal knowledge related to payments she made.

The court finds that the category of "receipts, estimates, invoices, statements, and/or bills" is overly broad, as Plaintiff may authenticate some of these documents to show her personal knowledge or lay a proper foundation for these documents to be admissible. In the interest of efficiency at trial, the court DIRECTS counsel to meet-and-confer—Plaintiff's counsel shall indicate which documents in this category she plans to introduce and attempt to work out any

issues with Defendant's counsel beforehand. Any remaining objections may be made at trial. For the foregoing reasons, and for the reasons stated on the record, Defendant's Motion in Limine No. 2 is DENIED.

Defendant's Motion in Limine No. 3

Defendant's third Motion in Limine asks for an order preventing Plaintiff's testimony and evidence from including statements of legal conclusions related to financial abuse or elder abuse. (Def.'s Mots., Dkt. 67-2.) She specifically takes issue with Susan's deposition testimony that Patricia "engaged in financial abuse" and emails where Susan accuses Patricia of "engaging in elderly abuse," and argues that this constitutes a lay witness testifying as to legal conclusions, which is not allowed. Plaintiff argues that she is allowed to proffer evidence going to the elements of a legal standard, even if that evidence includes the phrase "financial abuse" or "elder abuse."

The court agrees with both Defendant and Plaintiff that evidence and testimony from lay witnesses cannot assert that Defendant has or has not committed financial elder abuse as a matter of law. However, the words "financial abuse" and "elder abuse" need not be excluded to avoid this impermissible testimony. Plaintiff may testify as to what she meant when accusing Defendant of elder abuse, or why she personally believed some action or conduct was "abusive," without testifying as to the proper legal conclusion under California law. Defendant may object at trial to specific testimony that she believes to be improper. As such, and for the reasons stated on the record, Defendant's third Motion in Limine is DENIED.

Defendant's Motion in Limine No. 4

Defendant's fourth and final Motion in Limine asks for a court order precluding the introduction of any evidence or reference to the selling price of the Hawaii home pursuant to Rule 403. (Def.'s Mots., Dkt. 67-3.) She argues that the sale price of the home is irrelevant and that introducing the sale price would be unfairly prejudicial because it would "invite the jury to conclude that the change in sale price was the result of alleged improvements to the home in the absence of any evidence to support such an inference." Plaintiff opposes the Motion and argues that the sale price of the home is substantially relevant to multiple claims and to the damages analysis, and that Defendant's objections go to the jury's weighing of the evidence, which is not a

United States District Court
Northern District of California

proper basis for exclusion of evidence.

The court finds that the sale price of the home is relevant to the claims and the damages calculations, including the unjust enrichment claim and the financial elder abuse claim. Moreover, evidence of the sale price is not itself an opinion requiring an expert. For the foregoing reasons, and for the reasons stated on the record, Defendant's fourth Motion in Limine is DENIED.

**PLAINTIFF'S EVIDENTIARY OBJECTIONS**

Plaintiff objects to three proposed trial exhibits. (Dkt. 74.) First, she objects to Trial Exhibit 3 at PLAINTIFFS 0007 and the identical message contained in Trial Exhibit 5 at PLAINTIFFS 0011, which she says contain statements by accountant Mr. McAuley related to Susan and Michael Murman's expected dependency status and the associated tax effects. Plaintiff objects on the grounds that (1) these statements are non-admissible hearsay and (2) his statements were opinions based on his specialized knowledge that should be excluded as improper expert opinions. Second, she objects to Trial Exhibit 44 at PLAINTIFFS 0199–0202 and argues that (1) offers of settlement at PLAINTIFFS 0201 should be redacted; (2) paragraphs one through four at PLAINTIFFS 0199 are irrelevant and likely to mislead the jury, and thus they should be completely redacted pursuant to Rule 403; and (3) the exhibit currently contains personal financial information, including account numbers, that should be redacted before being provided to the jury. Finally, Plaintiff objects to Trial Exhibit 57, which consists of the Idaho state court complaint filed prior to this action. Plaintiff argues that this exhibit is irrelevant and should be excluded.

As to Plaintiff's objections regarding Mr. McAuley's statements, this evidence is relevant and admissible for purposes other than to show the truth of the matter asserted. As such, the objection is OVERRULED at this time. Regarding Plaintiff's objections to portions of Trial Exhibit 44 (now Trial Exhibit 50), the parties represented at the pretrial conference that they had already made the necessary redactions of personal financial information. Plaintiff's objections regarding "settlement" negotiations and irrelevant, inflammatory communications contained in this exhibit are OVERRULED, for the same reasons as stated above. Finally, Plaintiff's objections to the Idaho state court complaint are OVERRULED at this time, as relevance may be established through context at trial.

## TRIAL LOGISTICS

<u>Jury Questionnaire, Voire Dire, Jury Instructions, and Verdict Form</u>

The parties submitted 34 panel questions and 23 individual questions for their proposed voire dire. The court will select a few of the parties' questions to be asked along with the standard questions at a later time and will notify the parties. Disputed final jury instructions will be resolved at the charging conference along with the verdict form, after the close of trial.

<u>Trial Schedule and Jury Selection</u>

Jury selection will begin at 9:00 a.m. on Monday, April 6, 2026. Each side is allowed three peremptory challenges. The court will seat eight (8) jurors. Prospective jurors will be sent a survey link prior to April 6—the Jury Office anticipates providing the court with the completed jury questionnaires before jury selection begins, which will be shared with counsel.

The jury trial shall begin on Monday, April 6, 2026, following jury selection. The trial will proceed on Tuesday, April 7, and finish on Wednesday, April 8. Trial will be conducted each day from 9:00 a.m. to around 4:00 p.m., with a 15- or 20-minute break every 90 minutes and a 45-minute break for lunch around 12:15 p.m.

<u>Time Limits</u>

Each side has five (5) hours to make their case. This includes opening and closing statements, direct examination, and cross examination.

**IT IS SO ORDERED.**

Dated: March 18, 2026

_____
ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

6