UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SUSAN MURMAN,

                 Plaintiff,

     v.

PATRICIA MURMAN,

                 Defendant.

Case No.  24-cv-01439-RMI

**PROPOSED VOIRE DIRE AND PRELIMINARY JURY INSTRUCTIONS**

The court, having reviewed the parties' proposed jury instructions and questions for voire dire, presents the following proposed preliminary jury instructions and questions. Any objections must be filed by April 6, 2026, at 7:00 a.m. If no objections are filed, these proposed preliminary jury instructions will become final.

     **IT IS SO ORDERED.**

Dated: April 2, 2026

_____
ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

1

**[PROPOSED] QUESTIONS FOR COURT VOIRE DIRE**

1. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

2. Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible?

3. If you are selected as a juror in this case, you cannot discuss the case with your fellow jurors before you are permitted to do so at the conclusion of the trial, or with anyone else until after a decision has been reached by the jury. Therefore, you cannot talk about the case or otherwise have any communications about the case with anyone, including your fellow jurors, until I tell you that such discussions may take place. Thus, in addition to not having face-to-face discussions with your fellow jurors or anyone else, you cannot communicate with anyone about the case in any way, whether in writing, or through email, text messaging, blogs, or comments, or on social media websites and apps (like X (formerly Twitter), Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat).

   If you feel that you cannot do this, then you cannot let yourself become a member of the jury in this case. Is there anyone who will not be able to comply with this restriction?

4. You also cannot conduct any type of independent or personal research or investigation regarding any matters related to this case. Therefore, you cannot use your cellphones, iPads, computers, or any other device to do any research or investigation regarding this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. And you must ignore any information about the case you might see, even accidentally, while browsing the internet or on your social media feeds. This is because you must base the decisions you will have to make in this case solely on what you hear and see in this courtroom.

   If you feel that you cannot do this, then you cannot let yourself become a member of the jury in this case. Is there anyone who will not be able to comply with this restriction?

5. Do any of you know each other?

6. Do any of you have experience as an adult child living with your adult parents? For how long? At what ages? What was your experience?

7. Do you or any of your family have any training, education, or work experience in finance or real estate?

8. Has any member of your family been the victim of fraud? If yes, what kind? What did it involve? What was the resolution?

9. Have you or a close family member ever been involved in a dispute with a relative over money, property, or inheritance? If yes, how was it resolved?

10. Have you ever experienced or witnessed what you considered to be elder abuse of any kind? Do you know anyone personally who has been the victim of financial elder abuse? If yes, what occurred? How was it resolved?

11. Do, or have you, volunteered or worked with organizations that support seniors or dependent adults (for example, AARP, meals on wheels, or elder care facilities)? If yes, has that shaped your opinion on family responsibilities towards the elderly?

12. Have any of you served in the military, or do you have any family members who served in the military? If so, what branch and when?

13. Have you or any of your family members ever been considered a dependent of a military service member? Who? Were you or your spouse the sponsor? What was your experience in that process?

14. Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?

15. Is there anything that has not been asked that you think might be important for the Court to know about you in relation to this case that may affect your ability to neutrally evaluate the evidence or otherwise participate as a juror?

16. Having heard the questions put to you by the court and by counsel, does any other reason suggest itself to you as to why you could not sit on this jury and render an impartial verdict based solely on the evidence presented to you and in the context of the court's instructions to you on the law?

**[PROPOSED] COUNSEL'S PERMITTED QUESTIONS FOR VOIRE DIRE**

1. Do you have any experience drafting or interpreting contracts?

2. Do you have any experience with oral contracts?

3. If yes to either of the above, do you believe oral contracts should be as enforceable as written contracts?

4. Are both of your parents living?

5. Have you ever been to Hawaii? If yes, how many times? Which islands?

6. Do you believe adult children have an obligation to financially support their parents?

7. Should you consider a party's age, health, or family relationships when deciding whether or how much damages to award?

8. [Counsel may ask specific follow-up questions based on these or earlier answers]

**PROPOSED PRELIMINARY JURY INSTRUCTIONS**

**1.3 Duty of Jury (Court Reads Instructions at the Beginning of Trial but Does Not Provide Written Copies)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

## 1.5 Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff Susan Murman asserts breach of contract, resulting trust, unjust enrichment, and financial elder abuse. The plaintiff Susan Murman has the burden of proving these claims.

The defendant Patricia Murman denies those claims.

### 1.6 Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim  is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

[*If any jurors have sat on a criminal jury before, the following line will be added*: Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.]

**1.9 What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits that are admitted into evidence;

(3)     any facts to which the lawyers have agreed; and

(4)     any facts that I may instruct you to accept as proved.

**1.10 What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 1.12 Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 1.13 Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**1.14 Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### 1.15 Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications,

13

then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the clerk signed by any one or more of you.

## 1.17 No Transcript Available to Jury

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**1.18 Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**1.19 Questions to Witnesses by Jurors During Trial**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

## 1.21 Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## 2.1 Cautionary Instructions

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. If you think that you might have done so, please let me know now by raising your hand. [*Wait for a show of hands*]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.