UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SUSAN MURMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>PATRICIA MURMAN,<br><br>        Defendant. | Case No.  24-cv-01439-RMI<br><br>**PROPOSED FINAL JURY INSTRUCTIONS AND VERDICT FORM** |

The court, having reviewed the parties' proposed final jury instructions and jury verdict forms, presents the following proposed final jury instructions and verdict form. The final instructions read to the jury shall also include the instructions on evidence already approved by the parties and read as part of the preliminary instructions. The parties shall have the opportunity to make objections on the record tomorrow morning, April 8, 2026, prior to closing statements.

**IT IS SO ORDERED.**

Dated: April 7, 2026

_____
ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

**1.4 Duty of Jury (Court Reads and Provides Written Instructions at End of Case)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Burden of Proof—Clear and Convincing Evidence**

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. The evidence must be so clear as to leave no substantial doubt. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt. I will tell you specifically which facts must be proved by clear and convincing evidence.

**Breach of Contract—Introduction**

Susan claims that she and Patricia entered into a contract for the joint purchase of the Hawaii Property for the parties to reside in together.

Susan claims that Patricia breached this contract by failing to add Susan and Michael to the title of the Hawaii Property that was purchased. Susan also claims that Patricia's breach of this contract caused harm to Susan for which Patricia should pay.

Patricia denies the parties entered into a contract. Patricia also claims the alleged contract is in violation of the statute of frauds and that this claim was filed after the statute of limitations.

**Contract Formation—Essential Factual Elements**

Susan claims that the parties entered into a contract. To prove that a contract was created, Susan must prove all of the following:

1) That the contract terms were clear enough that the parties could understand what each was required to do;

2) That the parties agreed to give each other something of value. A promise to do something or not to do something may have value; and

3) That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions. If Susan did not prove all of the above, then a contract was not created.

**Breach of Contract—Essential Factual Elements**

To recover damages from Patricia for breach of contract, Susan must prove all of the following:

1. That Susan and Patricia entered into a contract;
2. That Susan did all, or substantially all, of the significant things that the contract required her to do;
3. That the contract required that
   a. Susan and Michael sell their home in Eureka, CA;
   b. The parties purchase a home together where they could all live together comfortably;
   c. Michael would become Patricia's dependent; and
   d. Susan, Michael, and Patricia would all be on the title of the property together as joint owners
4. That Patricia failed to do something the contract required;
5. That Susan was harmed; and
6. That Patricia's breach of contract was a substantial factor in causing Susan's harm.

**Oral or Written Contract Terms**

Contracts may be written or oral.

Oral contracts are just as valid as written contracts.

## Implied-in-Fact Contract

In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all the circumstances of the case. Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words.

Conduct will create a contract if the conduct of both parties is intentional and each knows, or has reason to know, that the other party will interpret the conduct as an agreement to enter into a contract.

## Interpretation—Construction by Conduct

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

## Modification

Susan claims that the original contract was modified or changed. Susan must prove that the parties agreed to the modification. Patricia denies that the contract was modified.

The parties to a contract may agree to modify its terms. You must decide whether a reasonable person would conclude from the words and conduct of the parties that they agreed to modify the contract. You cannot consider the parties' hidden intentions.

Ordinarily, a valid contract modification must meet the elements of contract formation (clear terms, agreement to exchange something of value, agreement to the terms). However, an oral contract may be modified by consent of the parties, in writing, without an agreement to give each other something of value.

## Interpretation—Reasonable Time

If a contract does not state a specific time in which the parties are to meet the requirements of the contract, then the parties must meet them within a reasonable time. What is a reasonable time depends on the facts of each case, including the subject matter of the contract, the reasons each party entered into the contract, and the intentions of the parties at the time they entered the contract.

## Statute of Frauds

If you find that Susan proved all the essential elements of a contract, you must also determine if the contract complied with the statute of frauds and whether any applicable exceptions to the statute of frauds apply. Under the statute of frauds, a contract concerning an agreement pertaining to the purchase of a house is invalid unless it is memorialized in writing and signed by the party to be charged.

### Statute of Frauds Exception—Part Performance

The doctrine of part performance prevents the use of the statute of frauds as a defense by a defendant when the plaintiff has demonstrated ownership and made significant improvements to the property. The payment of money alone is not enough to overcome the statute of frauds based on part performance. Actions constituting part performance should relate to the oral agreement and be done with the consent and knowledge of the other party.

### Statute of Frauds Exception—Equitable Estoppel

A party asserting equitable estoppel must show that they made a sufficient change of position in reliance on the oral agreement such that non-enforcement of the agreement would lead to unconscionable injury.

If the Statute of Frauds applies, Susan may assert equitable estoppel to enforce the contract. To succeed on equitable estoppel, the asserting party must show that refusal to enforce the oral contract will result in:

1. Unconscionable injury because the party pleading estoppel seriously changed its position in reliance on the oral contract, or
2. The unjust enrichment of the party pleading the statute of frauds as a defense because that party received the benefits of the other's performance.

### Statute of Limitations

If you find that Susan proved all the essential elements of a contract, you must also determine if Susan's complaint was filed within the statute of limitations and whether any applicable exceptions to the statute of limitations may apply.

Patricia contends that Susan's lawsuit was not filed within the time set by law. To succeed on this defense, Patricia must prove that any breach occurred before May 17, 2021.

### Statute of Limitations—Equitable Estoppel

Susan claims that even if her lawsuit was not filed on time, she may still proceed because Patricia did or said something that caused Susan to delay filing the lawsuit.  In order to establish the right to proceed, Susan must prove all of the following:

1. That Patricia said or did something that caused Susan to believe that it would not be necessary to file a lawsuit;
2. That Susan relied on Patricia's conduct and therefore did not file the lawsuit within the time otherwise required;
3. That a reasonable person in Susan's position would have relied on Patricia's conduct;
4. That Susan proceeded diligently to file suit once she discovered the need to proceed.

It is not necessary that Patricia have acted in bad faith or intended to mislead Susan.

**Statute of Limitations—Equitable Tolling**

Susan may also assert equitable tolling to show that her lawsuit was filed on time. Equitable tolling tolls the statute of limitations when a reasonable plaintiff would not have known of the existence of a possible claim or was unable to discover the cause of action through due diligence, including because of the deliberate concealment of information by the defendant. Equitable tolling delays the statute of limitations from beginning to run until the plaintiff has sufficient information of the possible existence of his or her claim.

For equitable tolling to apply, Susan must prove that she exercised due diligence but could not have known about the existence of a possible claim until after May 17, 2021.

**Resulting Trust**

Susan claims that a resulting trust should be imposed on the proceeds of the sale of the Hawaii property. A resulting trust carries out the inferred intent of the parties. A resulting trust may occur in transactions where property is purchased with the funds of one person and taken in the name of another, which gives rise to a rebuttable presumption of resulting trust. A resulting trust means that the person who provided the funds intended to retain a beneficial interest in the property even though the property was taken in the name of another. Beneficial interest means beneficial use, as opposed to "bare legal title." However, where property is purchased by a child with funds provided by a parent the funds provided by the parent are presumed to be a gift not subject to resulting trust. This presumption may also be rebutted.

To prove her claim for Resulting Trust, Susan must establish that she intended to retain a beneficial interest in the Hawaii Property by clear and convincing evidence.

**Unjust Enrichment**

Even if there is was no agreement between the Susan and Patricia, under certain circumstances where a party has been unjustly enriched by the actions of another the law will require that party to compensate the other for the unjust gain. To recover under this theory, Susan must prove that:

1.    Patricia received a benefit from Susan; and
2.    Patricia unjustly retained the benefit at the expense of Susan and Michael.

To qualify as unjust enrichment, the retention of the benefit must be without basis in law. The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor.

Unjust enrichment typically involves a benefit conferred because of mistake, fraud, coercion, or request, though other conduct may qualify so long as it renders the retention unjust. Benefits that do not warrant restitution include those conferred incidentally through behavior intended to serve oneself, gifts, and voluntary payments not made to satisfy a debt.

**Gift**

A gift is a transfer of personal property, made voluntarily, and without consideration. The elements of a gift are: (1) competency of the donor to contract; (2) a voluntary intent on the part of the donor to make a gift; (3) delivery, either actual or symbolic; (4) acceptance, actual or imputed; (5) complete divestment of control by the donor; and (6) lack of consideration for the gift.

**Financial Abuse—Essential Factual Elements**

Susan claims that Patricia violated the Elder Abuse and Dependent Adult Civil Protection Act by taking financial advantage of her and Michael.  To establish this claim, Susan must prove that all of the following are more likely to be true than not true:

1. That Patricia took, appropriated, obtained, and/or retained Susan and Michael's property;
2. That Susan and Michael were 65 years of age or older or a dependent adult at the time of the conduct;
3. That Patricia took, appropriated, obtained, and/or retained the property for a wrongful use or with the intent to defraud or by undue influence;
4. That Susan and Michael were harmed; and
5. That Patricia's conduct was a substantial factor in causing Susan and Michael's harm.

One way Susan can prove that Patricia took, appropriated, obtained, and/or retained the property for a wrongful use is by proving that Patricia knew or should have known that her conduct was likely to be harmful to Susan and Michael.

One way property may be taken, appropriated, obtained, and/or retained, is through an agreement or gift.

**"Dependent Adult" Explained**

A "dependent adult" is a person, regardless of whether or not the person lives independently, who is between the ages of 18 and 64 years and who has physical or mental limitations that restrict that person's ability to carry out normal activities or to protect that person's rights. This includes persons who have physical or developmental disabilities or whose physical or mental abilities have diminished because of age.

**Financial Abuse—"Undue Influence" Explained**

"Undue influence" means excessive persuasion that overcomes another person's free will and causes the person to do something or to not do something that causes an unfair result. In determining whether Patricia exerted undue influence on Susan and Michael, you must consider all of the following:

a. Susan and Michael's vulnerability. Factors to consider may include, but are not limited to, incapacity, illness, disability, injury, age, education, impaired mental abilities, emotional distress, isolation, or dependency, and whether Patricia knew or should have known of Susan and Michael's vulnerability.

b. Patricia's apparent authority. Factors to consider may include, but are not limited to, Patricia's position as a family member.

c. The actions or tactics that Patricia used. Actions or tactics used may include, but are not limited to, all of the following:
>   (1) Controlling Susan and Michael's necessaries of life, medications, interactions with others, access to information, or sleep; 18
>   (2) Using affection, intimidation, or coercion;
>   (3) Initiating changes in personal or property rights, using haste or secrecy in making those changes, making changes at inappropriate times and places, and claiming expertise in making changes.

d. The unfairness of the result. Factors to consider may include, but are not limited to, the economic consequences to Susan and Michael, any change from Susan and Michael's prior intent, the relationship between any value that Susan and Michael gave up to the value of any services or other consideration that Patricia received, or the appropriateness of the change in light of the length and nature of the relationship between Susan and Michael and Patricia.

**Introduction to Contract Damages**

If you decide that Susan has proved her claim against Patricia for breach of contract, you also must decide how much money will reasonably compensate Susan for the harm caused by the breach. This compensation is called "damages."

The purpose of such damages is to put Susan in as good a position as she would have been if Patricia had performed as promised. To recover damages for any harm, Susan must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Susan also must prove the amount of her damages according to the following instructions. She does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages. Susan claims damages for the money put toward the purchase of the Hawaii Property as well as the cost of improvements to the Hawaii Property, for which she paid.

### Reliance Damages

If you decide that Patricia breached the contract, Susan may recover the reasonable amount of money that she spent in preparing for contract performance. These amounts are called "reliance damages." Susan must prove the amount that she was induced to spend in reliance on the contract. If Susan proves reliance damages, Patricia may avoid paying some or all of those damages by proving that some or all of the money that Susan spent in reliance was unnecessary.

### Restitution Damages

Susan claims that Patricia must restore to Susan money spent by Susan toward the purchase and improvement of the Hawaii property, which Patricia received from the sale of the Hawaii property, but that really should belong to Susan.

Susan is entitled to restitution if she proves that Patricia knew or had reason to know that a portion of the proceeds she received from the sale of the Hawaii property belonged to Susan.

### Treble Damages

If Susan has established that Patricia's conduct constituted unfair or deceptive acts, you may award what is called treble damages. In determining whether treble damages should be awarded, you should consider the following factors. If you affirmatively find any of the following, you may impose damages up to three times greater than the amount that would be imposed absent the affirmative finding.

1. Whether Patricia knew or should have known that her conduct was directed to one or more senior citizens, disabled persons, or veterans;
2. Whether the Patricia's conduct caused one or more senior citizens, disabled persons, or veterans to suffer: loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen, disabled person, or veteran.
3. Whether one or more senior citizens, disabled persons, or veterans are substantially more vulnerable than other members of the public to Patricia's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from Patricia's conduct.

**Prejudgment Interest**

If you decide that Susan is entitled to recover damages for past economic loss in one or more of the categories of damages that she claims, then you must decide whether she should also receive prejudgment interest on each item of loss in those categories. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict.

Whether Susan should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion. If you award these damages to Susan, you will be asked to address prejudgment interest in the special verdict form.

**Damages on Multiple Legal Theories**

Susan seeks damages from Patricia under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged. You will be asked to decide whether Patricia is liable to Susan under the following legal theories:

1. Breach of Contract;
2. Resulting Trust;
3. Unjust Enrichment;
4. Financial Elder Abuse

The following items of damages are recoverable only once under all of the above legal theories:

1. Costs associated with the purchase of the Hawaii Property; and
2. Costs associated with improvements to the Hawaii Property.

The following additional items of damages are recoverable only once for Financial Elder Abuse:

1. Punitive Damages; and
2. Prejudgment interest.

The following additional items of damages are recoverable only once if Patricia's conduct constituted unfair or deceptive acts:

1. Treble Damages

**Punitive Damages**

If you decide that Patricia's conduct constituted Financial Elder Abuse, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Susan proved by clear and convincing evidence that Patricia engaged in that conduct with recklessness, malice, oppression, or fraud.

"Recklessness" is more than just the failure to use reasonable care. Patricia acted with "recklessness" if she knew it was highly probable that her conduct would cause harm and she knowingly disregarded this risk.

"Malice" means that Patricia acted with intent to cause injury or that Patricia's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Patricia's conduct was despicable and subjected Susan to cruel and unjust hardship in knowing disregard of her rights. "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Patricia intentionally misrepresented or concealed a material fact and did so intending to harm Susan and Michael.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Patricia's conduct? In deciding how reprehensible Patricia's conduct was, you may consider, among other factors:
      1. Whether the conduct caused physical harm;
      2. Whether Patricia disregarded the health or safety of others;
      3. Whether Susan and Michael were financially weak or vulnerable and Patricia knew they was financially weak or vulnerable and took advantage of them;
      4. Whether Patricia's conduct involved a pattern or practice; and
      5. Whether Patricia acted with trickery or deceit.
(b) Is there a reasonable relationship between the amount of punitive damages and Susan's harm or between the amount of punitive damages and potential harm to Susan that Patricia knew was likely to occur because of her conduct?
(c) In view of Patricia's financial condition, what amount is necessary to punish her and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Patricia has substantial financial resources.

**2.3 Stipulations of Fact**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

**Stipulated Facts**

The parties agree to the following facts:

1.  Michael Murman ("Michael"), one of the original Plaintiffs in this case, passed away in July 2025.  As a result, Susan Murman ("Susan") brings this action on her behalf and on behalf of his estate, as its representative.  For convenience and clarity, the jury instructions will reference only Susan and her claims and damages.

2.  Susan was considered an elder, and Michael was considered a dependent adult as defined in the Elder Abuse Act and as applies to Claim Four at the relevant time.

3.  The mortgage that was ultimately obtained for the Hawaii Property, located at 45-188 Kaneohe Bay Dr, Kaneohe Hawaii, 96744, which was only in Patricia's name.

4.  Susan authorized $400,000 from the sale of their Eureka, CA home to be used in the purchase of the Hawaii Property, of which $300,000 was used in the purchase while the remaining $100,000 was returned to Susan.

5.  The parties lived together at the Property from July 2020 to April or May of 2021, when Patricia received orders to be stationed in Korea.

6.  Susan and Michael moved out of the Hawaii Property in September 2021.

7.  Patricia sold the Hawaii Property in February 2022.

**2.17 Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Comment
This instruction is premised on the assumption that either the court has ordered these procedures, or the parties have agreed to the availability of electronic display devices in the jury room and to the procedures set forth in the instruction. If the parties' agreement is in the form of a written stipulation, the stipulation should be subject to approval by the judge and entered as an order. The following are possible provisions in such a stipulation:

The parties agree to an allocation of the costs of providing the necessary equipment, including the computer, hard drive, projector, cable, printer, monitor, and other accessories.
The parties jointly arrange to load images of the admitted exhibits onto a hard drive in "PDF" format. (This format is meant to assure maximum security.) They will ensure that the hard drive contains only such items and nothing else.

The parties jointly compile a document entitled "Admitted Exhibit List" that consists of all trial

exhibits actually received into evidence, listed in numerical order and containing the date (where available) and a brief description of the exhibit. The Admitted Exhibit List should be text searchable. (In complicated or document-laden cases, it would be advisable for the parties to prepare a second exhibit list that would contain the same information, except that the exhibits would be listed in chronological order. That second list would be made available to the jury in "hard copy," not electronic form.)

Before the jury retires to deliberate, the parties will review the notebook computer, the exhibit list interface and the images of the exhibits, to ensure their accuracy. Unless a party objects before the jury retires to deliberate, that party waives all objections to the materials and equipment submitted to the jury.

The parties will maintain at the courthouse a backup notebook computer and a backup hard drive with images and data identical to what was loaded onto the hard drive sent into the jury room.

If the jury encounters a technical problem after it has begun to deliberate, the jury should communicate that issue in writing to the court. The technician may require and receive information from one or more jurors about the difficulty the jury is encountering. In many instances, the court technician will need to re-enter the jury room to address the problem. It is conceivable that the technician will be exposed to evidence that the jury was attempting to view or at least to the exhibit number(s) of such evidence. If the jurors themselves developed charts, summaries, vote tallies or other indicia of their deliberations, or if they wrote summaries of their findings thus far, the technician might be exposed to that information. (*E.g.*, such matters could have been placed on a blackboard or in summaries strewn about the jury table.) The Committee suggests that in the event a nonjuror might be required to enter the jury room to deal with a technical problem, the judge should *sua sponte* raise these and related issues with counsel before authorizing such entry. Among the factors that the judge and counsel should discuss are the following:

Can the technical problem be addressed without entry into the room; *e.g.*, by removing the equipment for examination outside the presence of jurors?
Can the technical problem be addressed without any information from the jury other than an innocuous statement to the effect that (for example) "the printer isn't working"?

Can the risk of even inadvertent disclosure of the jury's deliberations be eliminated by instructing the jury to cover any charts and to remove or conceal any papers, etc.?

Should the technician, bailiff, or clerk be sworn in, with an oath that requires him or her not to disclose whatever he or she sees or hears in the jury room, except for the nature of the technical problem and whether the problem has been fixed?

Whether or not these or other appropriate precautions to minimize or eliminate the risk of disclosure are taken, the judge may consider giving the jury this instruction:

You have informed me that there is a technical problem that has interfered with your ability to review evidence electronically. I will send a technician into the jury room to deal with the

problem while you are out of the deliberation room on a break. Please do not allow any materials reflecting any aspect of your deliberations to be visible during the technician's presence.

### Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the

witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.
Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

### Readback or Playback
### Comment

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor[, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment,

the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

Although a court has broad discretion to read back excerpts or the entire testimony of a witness when requested by a deliberating jury, precautionary steps should be taken. Absent the parties' stipulation to a different procedure, the jury should be required to hear the readback in open court, with counsel for both sides present, and after giving the admonition set out above.

## Return of Verdict

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

## 3.9 Post-Discharge Instruction

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.]

**Jury Verdict Form**

We answer the questions submitted to us on Plaintiff's claims and Defendant's affirmative defenses as follows:

**Count One: Breach of Contract**
1.  Were there contract terms clear enough so that the parties could understand what each was required to do?

    _____Yes        _____No

    If your answer to question 1 is yes, then answer question 2. If your answer to question 1 is no, skip to question 14.

2.  Did the parties agree to give each other something of value?

    _____Yes        _____No

    If your answer to question 2 is yes, then answer question 3. If your answer to question 2 is no, skip to question 14.

3.  Did the parties agree to the terms of a contract?

    _____Yes        _____No

    If your answer to question 3 is yes, then answer question 4. If your answer to question 3 is no, skip to question 14.

4.  Did Susan do all or substantially all of the significant things that the contract required her to do?

    _____Yes        _____No

    If your answer to question 4 is yes, then skip to question 6. If your answer to question 4 is no, answer question 5.

5.  Was Susan excused from having to do all, or substantially all, of the significant things that the contract required her to do?

    _____Yes        _____No

    If your answer to question 5 is yes, then answer question 6. If your answer to question 5 is no, skip to question 14.

6.  Did Patricia fail to do something that the contract required her to do?

    _____Yes        _____No

    If your answer to question 6 is yes, then answer question 7. If your answer to question 6 is no, skip to question 14.

7.  Was Susan harmed by Patricia's breach of contract?

_____Yes        _____No
If your answer to question 7 is yes, then answer question 8. If your answer to question 7 is no, skip to question 14.

8. Has Patricia proven that the breach of the contract occurred before May 17, 2021?
_____Yes        _____No
If your answer to question 8 is yes, then answer question 9. If your answer to question 8 is no, skip to question 10.

9. Has Susan proven either equitable estoppel or equitable tolling such that it prevents the imposition of the statute of limitations?
_____Yes        _____No
If your answer to question 9 is yes, then answer question 10. If your answer to question 9 is no, skip to question 14.

10. Was the contract between Susan and Patricia pertaining to the purchase of a house?
_____Yes        _____No
If your answer to question 10 is yes, then answer question 11. If your answer to question 10 is no, skip to question 13.

11. Was the contract in writing and signed by Patricia?
_____Yes        _____No
If your answer to question 11 is yes, then skip to question 13. If your answer to question 11 is no, answer question 12.

12. Has Susan proven either part performance or equitable estoppel, such that it prevents the imposition of the statute of frauds?
_____Yes        _____No
If your answer to question 12 is yes, then answer question 13. If your answer to question 12 is no, skip to question 14.

13. Is Susan entitled to breach of contract damages?
_____Yes        _____No


**Count Two: Resulting Trust**
14. Was the money from Susan and Michael for the purchase of the Hawaii Property a gift to Patricia?
_____Yes        _____No

If your answer to question 14 is yes, then skip to question 16. If your answer to question 14 is no, answer question 15.

15. Did Susan establish by clear and convincing evidence that she intended to retain a beneficial interest in the Hawaii Property?

_____Yes        _____No

**Count Three: Unjust Enrichment**

16. If you answered "yes" to question 14, was the money Susan spent on improvements to the Hawaii Property a gift to Patricia? [If you answered "no" to 14, skip to question 17]

_____Yes        _____No

If your answer to question 16 is yes, then skip to question 19. If your answer to question 16 is no, answer question 17.

17. Did Patricia receive a benefit from Susan and Michael?

_____Yes        _____No

If your answer to question 17 is yes, then answer question 18. If your answer to question 17 is no, skip to question 19.

18. Did Patricia unjustly retain the benefit at the expense of Susan and Michael?

_____Yes        _____No

**Count Four: Financial Elder Abuse**

19. Did Patricia take, appropriate, obtain, or retain Susan and Michael's property for a wrongful use?

_____Yes        _____No

If your answer to question 19 is yes, then skip to question 22. If your answer to question 19 is no, answer question 22.

20. Did Patricia take, appropriate, obtain or retain Susan and Michael's property with the intent to defraud?

_____Yes        _____No

If your answer to question 20 is yes, then skip to question 22. If your answer to question 20 is no, answer question 21.

21. Did Patricia take, appropriate, obtain, or retain Susan and Michael's property by undue influence?

_____Yes        _____No

If your answer to question 21 is yes, then answer question 22. If your answer to question 21 is no, skip to question 23.

22. Was Patricia's conduct a substantial factor in causing harm to Susan and Michael?
_____Yes        _____No

**Damages: All Counts**

23. If you answered yes to either question 13 (Breach of Contract) or 15 (Resulting Trust) or 18 (Unjust Enrichment) or 22 (Financial Elder Abuse), enter the amount of damages to which Susan is entitled below:

$_____

24. Is Susan entitled to receive prejudgment interest?
_____Yes        _____No

**Damages: Financial Elder Abuse Only**

Answer the following questions only if you answered yes to question 22 (Financial Elder Abuse).

25. Did Susan prove, by clear and convincing evidence, that Patricia acted with recklessness, malice, oppression, or fraud?
_____Yes        _____No

If your answer to question 25 is yes, then answer question 26. If your answer to question 25 is no, skip to question 27.

26. What amount of punitive damages, if any, do you award Susan?
$_____

27. Did Patricia's conduct constitute unfair or deceptive acts justifying an award of treble damages?
_____Yes        _____No

If your answer to question 27 is yes, then answer question 28. If your answer to question 27 is no, do not answer 28.

28. What amount of treble damages, if any, do you award Susan?
$_____

Signed: _____

                    Presiding Juror

Dated: _____

After this verdict form has been signed, notify the clerk/bailiff/court attendant.